*FOSTER *against* HOYT AND TOM.        [*327]

A. the master of a vessel, directed B. as his agent, to get his commissions as master insured, and C. the broker, had the policy effected in the name of B. on the commissions of the master, who was named in the policy, and the agency of B. was known to the broker. A total loss having been recovered by the broker, A. brought an action against him for the amount of the money received ; and it was held that the broker had no right to retain it for a debt to him from B. the agent.

If, however, B. had acted as the ostensible principal, C. would have been entitled to consider him as such, and to regulate his claims accordingly. Per *Kent*, J.

THIS was an action of *assumpsit* for money had and received. A verdict was taken for the plaintiff for 500 dollars and 72 cents, subject to the opinion of the court, on a case stated.

John Saunders, as agent of the plaintiff, employed the defendants, who are insurance brokers, to effect an insurance for the plaintiff, on his *commissions*, as master of the sloop Clermont, on a voyage from New-Fields, in Connecticut, to Martinique. The defendant accordingly caused an insurance to be made, by a policy dated 23d April, 1799, in the name of Saunders, but on the *captain's commissions* on goods on the voyage above mentioned, and the plaintiff was specified to be the master. The commissions were valued at 600 dollars. The letter of the plaintiff to his agent, directing the insurance, said it was in part for the agent. A total loss ensued, and the agent delivered the policy to the defendants to collect, with orders to pass the net amount, when received, to his credit with them, on condition that the defendants did not recover a debt due the agent, and which they were prosecuting in Connecticut, towards paying a balance due them from the agent, and if they did recover the debt, &c. then with orders to pay the net amount to him.

The debt was recovered by the defendants. When the agent delivered the policy to the defendants to collect, the plaintiff owed him 45 dollars and 50 cents on book account,

and 200 dollars by a promissory note.   The note the agent soon after passed away ; and it was notorious, at the time of the delivery of the policy, that the agent was insolvent.

The defendants recovered for a total loss on the policy, the net amount of which was equal to the verdict found, [*328]   *after deducting their charges, and the book debt of · 45 dollars and 50 cents.

The balance still due to the defendants from the agent is equal to the amount of the verdict, and the question is, whether they are entitled to retain it against the claim of the plaintiff.

*Troup* and *B. Livingston*, for the plaintiff.

*Harison*, contra.

KENT, J. delivered the opinion of the court.   The defendants knew Saunders in this transaction, only in the capacity of agent for the plaintiff, whose exclusive interest appeared evidently on the face of the policy.   This is not like the· case where the principal is masked, and the agent acts as the ostensible principal.   (7 Term Rep. 360.)   In that case it is admitted that whoever deals with the agent has a right to consider him as the principal, and to regulate his claims accordingly.   Here the defendants appear to have acted under a full knowledge of the relation between Saunders and the plaintiff.   The only circumstance that could raise any possible doubt in the case, is the observation in the plaintiff's letter : " I beg you will not neglect me, as it (meaning the insurance) is for yourself in part."   But whatever may be the meaning of this note, it does not appear to have been disclosed to the defendants, or if it was, that they acted under its influence, or that it was true in point of fact, that Saunders had any interest in the commissions.   It is possible the letter had reference only to the interest which Saunders, as a creditor of the captain, must have had in the success of his voyage.   When the policy was deposited with the defendants for the collection, the agency under which it was originally effected, the plaintiff's sole interest as master of the sloop, and what appeared on the policy, were known [*329]   to *the defendants ; and under these circumstances,

Foster v. Hoyt and Tom.

there cannot be any just pretence to permit them to con-
sider the agent as the principal, and to set off their claim,
founded on other matter against Saunders, to a suit by the
plaintiff. The money was received by intendment of law,
for the use of the plaintiff; and the defendants are bound in
equity and good conscience to refund it.

Judgment for the plaintiff accordingly.(a)(b)

(a) [Old note.] See Marshall on Ins. 301, 302, 2d ed. Add 1 Phillips on
Insurance, ed. 1840, p. 105 ; King v. Glover, 5 Bos. & Pull. 206, to the effect
that the wages and commissions of the captain, or his privilege on board of the
vessel, are an insurable interest.

(b) The general rule that an insurance broker has a lien on the policy that
he effects, against his immediate employer, not only for the premium and
commissions arising and paid upon the particular transaction, but also for the
general balance of his insurance account, is too well established to require
more than a passing reference to the leading authorities. (See Dunlap's Pa-
ley's Agency, 127, 147, 148, 150, 151. Duer on Insurance, vol. 2, pp. 281,
282. Story on Agency, § 379. Cushing v. Aubert, 2 East, 285. George v.
Claggett, 7 Term R. 357. Whitehead v. Vaughan, Parker v. Carter, Cooke's
Bank. 579. Oliver v. Smith, 5 Taunt. 56. Stracy v. Deey, 7 Term, 357, n.
Spring v. S. C. Ins. Co. 8 Wheat. 268. Moody v. Webster, 5 Pickering, 424.
Wells v. Archer, 10 Serg. & Rawle, 412.) And it matters not that the em-
ployer was an agent, unless this fact was known to the broker when the in-
surance was made. (Dunlap's Paley, 150, and references. Duer on Insur-
ance, ut sup. and references.)

In Westwood v. Bell, (4 Campb. 352 ; 1 Holt, 122,) Chief Justice Gibbs ob-
served, that " the party who seeks to deprive him," (the policy broker,) " of
his lien, must make out the affirmative. The employer is to be taken to be
the principal, until the contrary is proved." It is, therefore, of importance to
determine what constitutes a sufficient notice to the broker, that the person
who obtains the policy as agent, is acting in that capacity. The leading case
upon this subject in England is the case of Maans v. Henderson, (1 East, 335,)
decided just before the principal case. In that case, Jennings, an English
merchant, resident in England in time of war, received orders from a neutral
foreigner to effect insurance upon a ship, the property of the latter. Jennings
employed his usual broker to get the policy done in his own name, but inform-
ed him that the interest was neutral. The broker, having received the
amount of the loss upon the policy, refused to pay it over to the owner of a
ship, insisting upon a right to retain for a demand which he had upon Jen-
nings. A verdict was found for the plaintiff, the owner deducting only the
premiums upon that particular policy ; for Lord Kenyon was of opinion, that the
information conveyed by Jennings to the broker that the interest was neutral,
was a sufficient indication that he was only acting as agent for another,
though the principal name was not then disclosed ; and consequently that the

HOLMES *against* THE UNITED INSURANCE COMPANY.

A policy of insurance was effected on the cargo of a ship from Calcutta to
Baltimore, by A. as the agent of B. and for his account. The policy was
in the name of A. generally, for 25,000 dollars, as interest might appear.
The cargo belonged to B. and four other persons, and was purchased with
the proceeds of the outward cargo. B. carried on business for himself, and
was unconnected in trade with the other persons, who knew nothing of the
insurance. The proportion of the return cargo belonging to B. in fact
amounted only to about 13,000 dollars. B. brought an action for a return
of premium, for the difference of the sum subscribed to the policy, and the
amount of his interest ; it was held, that B. and the four others were not
partners, and that B. was entitled to recover back the premium for the
amount of his interest over valued in the policy.

If property be insured to a larger amount than the real value, the overplus
premium is recoverable by the assured, because the insurer shall not re-
ceive the price of a risk which he has not run. Per *Kent, J.*

To constitute a partnership, there must be a reciprocal choice and agreement
of the parties to unite their stock and to share in all risks of profit and loss.
They must not only be jointly concerned in the purchase, but jointly con-
cerned in the future sale. Per *Kent, J.*

THIS was an action of *assumpsit* for a return of premium
on a policy of insurance.

defendant, the broker, had no lien upon the policy as against the plaintiff for
his general balance against Jennings. And this direction was confirmed by
the court of king's bench, on a motion for a new trial. And upon the same
principle it was decided in another case, where an insurance broker had em-
ployed a sub-agent to effect policies, informing him at the time that they were
for a correspondent in the country ; that the sub-agent had not, as against the
principal, a lien on the policies for the general balance due to him from the
broker, but a particular lien only for the premiums and commissions. (*Snook*
v. *Davidson*, 2 Camp. 218.)    In *Lanyon* v. *Blanchard*, (2 Campb. 597,) an
action was brought to recover the amount of a loss received by the defendant,
upon a policy of insurance which he had effected as broker.    The plaintiff,
being at Montevideo, wrote to one Crowgy, at Falmouth, enclosing an unen-
dorsed bill of lading of some tallow deliverable to the shipper's order, and di-
rected him to effect an insurance on the tallow, and to employ a good house
at Liverpool to sell it for the plaintiff's benefit. ' Crowgy came to London,
employed the defendant to effect the insurance, represented that he had au-
thority to endorse the bill of lading, and actually did endorse it accordingly to
a person at Liverpool named by the defendant.    The ship having been lost,
and the defendant having received the money from the underwriters, he

Holmes v. United Ins. Co.

In December, 1796, Gouverneur and Kemble, as agents for the plaintiff, effected an insurance on the cargo of the

claimed a right to retain it, to satisfy a balance due to him from Crowgy. But Lord Ellenborough was of opinion, that in transactions of this sort, if an agent represents himself to have power which is not entrusted to him, his principal is not bound by his acts ; that the person who gives faith to the representations of the agent, must run the risk of their being true or false : and that as Crowgy had no authority to endorse the bill of lading, or to act as proprietor of the tallow, the defendant was only a sub-agent, and could not retain the sum he had received upon the policy from the person for whose ultimate benefit it was effected. Speaking of this case, (*Lanyon v. Blanchard*,) Mr. Livermore, (Pr. & Ag. vol. 2, p. 97,) says : "This case is not inconsistent with the preceding cases of *George v. Claggett*, (7 Term Rep. 359 ;) *Rabone v. Williams*, (cited 7 Term Rep. 360, n. ;) *Mann v. Forrester*, (4 Campb. 60,) &c., nor does it at all support Mr. Campbell's statement in the marginal note to the case. The bill of lading showed that Lanyon was the principal, and Crowgy but an agent. There can be no doubt that where a person deals *ex mandato*, and this is known to the person with whom he deals, such person must look to the agent's authority. If by the bill of lading the goods had been deliverable to the order of Crowgy, or if there had been a general endorsement which would have enabled him to hold himself out as the owner of the goods, then, upon the authority of the above cases, the broker would have been entitled to consider him as principal, and to retain for the balance of his account against him. But when, by the bill of lading, the goods were to be delivered to the order of the plaintiff, and there was no endorsement, Crowgy appeared upon the face of the transaction to be acting only as agent, and his mere declaration cannot clothe him with another character." (See Dunlap's Paley, 149, n. 17.) Mr. Duer comments upon this case as follows :—"Looking at the facts of the case, and disregarding the marginal note, it is evident that the agent not only did not represent himself as the owner of the goods insured, but that the defendant, the broker, was bound to know, and did know that he was merely an agent. The unendorsed bill of lading was conclusive to show that the ownership of the goods was still vested in the plaintiff, the shipper, and that it could only be divested by an endorsement made by him, or by his authorized agent. It was this authority, that the person who employed the defendants, represented himself as possessing, and the representation was, in its very terms, an admission of his agency. The broker had no right to infer that his employer had any interest of his own that he meant to cover by the insurance." (Duer on Insurance, vol. 2, p. 356, 357.) Mr. Dunlap remarks, (Agency, 149, n. 17,) " The reason of the rule was well explained by Lord Chief Justice Tindal, in a recent case,—where the question was as to the right of a banker to retain the property of a third person deposited with him by the agent of that person for a debt due from the agent himself. The contract of lien ' being made between the banker and the customer only cannot,' said his lordship, ' bind the rights of other parties. It is com-

petent to the banker and his customer to agree that the banker shall have a lien on all property on which the customer can lawfully give it, which may come to the hands of the banker; and this agreement may be expressed in words, or may be inferred from the course of trade; but it is not competent for them to agree expressly or in any other manner, that the bankers shall have a lien on the property of other persons on which the customer had no authority to give one.' (*Brandao* v. *Barnett*, 2 Scott, N. R. 113; Russ. Fact. & Brok. 200.) And so it is manifest, that a factor or broker and his principal are not competent to enter into any such agreement." (Russ. Fact. & Brok. 201. Consult Mr. Duer's review of *Snook* v. *Davidson*, *Lanyon* v. *Blanchard*, *Maans* v. *Henderson*, *Mann* v. *Forrester*, 4 Campb. 60; *Westwood* v. *Bell*, *Levy* v. *Barnard*, 8 Taunt. 149; S. C. 2 Moore, 34; and *Foster* v. *Hoyt*; 2 Duer on Ins. 353–361. See the remarks of Mr. Paley upon *Mann* v. *Shifner*, 2 East, 523, 529, Agency, 149.)